Mr. Justice Merrick
delivered the opinion of the court:
In the case of Rosecrans against the District of Columbia, which arises upon a demurrer to a bill in equity, the single question is presented, whether a certificate given under the act of February 6, 1879, that there are no tax liens of any sort whatever upon property, and that certificate acted upon by a purchaser discharges absolutely those liens, although the certificate was not given to the owner of the land himself, nor applied for by him.
It is objected very strenuously on the part of the District of Columbia, that the act of Congress contemplates only that the certificate shall be given personally to the owner of the land, and at the time when he applies for a statement of his annual taxes; and unless these two conditions exist, to wit, the application for the statement of the annual tax bill, and the application also in the name of the owner, that the provisions of the statute which exempt the subsequent purchaser who acts upon the faith of such certificate, are not applicable.
The court is very clear in its opinion that this is a largely remedial and beneficial statute, wisely enacted, and tending1 to the repose and security of titles, and as such ought to be fairly and justly construed, and not narrowed or frittered away by any hyper-critical construction.
The terms of the statute are broad enough to embrace the certificate of the condition of the liens claimed or asserted on the part of the District of Columbia, no matter who may be the applicant for that information; and that such was its purpose is apparent from the history of the statute, and of the condition of things at the time the statute was passed, and the evils growing out of the fact that there were a number of these tax liens asserted by the District of Columbia against property within its limits, which liens had no place in the muniments of the corporation accessible to the public, so that often those who desired to pro *125 cure property, taking reasonable care in the examination of the titles, yet were unable to ascertain whether liens existed, and often old and obscure and forgotten special tax liens to a very large amount were sprung upon parties, and they were forced to pay them.
It was for the purposes, the court thinks, of avoiding those pitfalls of title that this statute was passed requiring the collector of taxes to give to any one who might be interested or might desire for any purpose to know the condition and state of the title of a particular piece of property, so far as it might be affected by the lien of taxes; to give to such applicant, upon the payment of a proper fee, a certificate, which would assure him, and assure the world through him, what was the true state of the claims of the District of Columbia with regard to such property. And this is in entire analogy and keeping with the whole policy of our law touching real estate, which contemplates that every citizen shall be charged with notice of the condition of the title of every piece of property with regard to which he pleases to deal. Hence our recording laws which require every lien and every deed to be placed upon the records of the District of Columbia, and nobody is charged with the knowledge of any lien which is not there, and everybody is charged with the knowledge of those liens which are there.
The policy of the law is that everybody shall be advised, and absolute publicity shall exist and be given to the conditions of all the titles to land and of the encumbrances upon land within the District. And it is in the line of that policy that the act of 1819 was provided, which requires a careful record to be kept and a careful certificate to be given, which imports absolute verity as against the District of Columbia of the conditions of the tax liens operating upon the titles of the citizens of this District.
Why should it not be so ? Why should there he any pretext or any claim that justice or any of the attributes of sovereignty require that the District of Columbia should be enabled to spring a sudden demand against a citizen who, in good faith, has bought any particular piece of property ? *126 Everywhere else the liens for taxes are limited in the period of their duration, and limited to a very short period. For illustration, in the adjoining State of Maryland, the lien for taxes ceases at the end of four years. Why should it be indefinite, and still more, why should it be secret and dangerous to the repose of titles and to the value of the property of those who embark their interests in the real estate of the District of Columbia?
For these reasons, the court is of the opinion that the statute should be construed according to its plain terms, and there is no stretching of the terms of the law; there is no violation of public policy or of public right in holding that where the District of Columbia thus does give its certificate, and gives assurance to the world solemnly through its appointed officer that there are no burdens upon a particular piece of real estate embraced in the certificate, that it should and ought to import absolute verity, as the law says, and exempt any subsequent purchaser who buys the land upon the faith of that certificate from any claim under the lien.
There is no loss to the District of Columbia by this. The law only requires what plain duty requires, that its officers should keep a faithful record of the dealings with the city; and if the officer be derelict in his duty,-the District of Columbia does not lose anything, for it has its recourse upon the official bond of the officer; and ought not the District of Columbia, rather than an innocent citizen, to be responsible for any dereliction of duty on the part of any officers of the District? Surely the instincts of justice would answer that question in the affirmative.
Then there being this public policy which requires the law to be thus interpreted, natural justice co-operating with it, the District of Columbia having itself the means within its own power of preventing injury to itself; if by accident or inadvertence of the officer damage has occurred, and being’ able to reimburse itself by an action ujion the bond, there seems to be no reason why full efficacy should not be given to the letter of the statute, nor why those parties who *127 have honestly acted upon the faith of a solemn assurance that there is no lien upon the property, should not be relieved from any subsequent claim of lien.
For these reasons, briefly stated, the court is of opinion that the demurrer should be overruled.